NO. 07-02-0290-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 25, 2002

_____

JOHN STEVEN MCLAIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 84830; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant John Steven McLain appeals from his conviction for possession of a controlled substance. We dismiss for want of jurisdiction.

Appellant filed a general Notice of Appeal from his plea-bargained judgment of conviction dated May 16, 2002, in Cause No. 84830 in the Criminal District Court of Jefferson County. Sentence was imposed on May 13, 2002.

In his original Notice of Appeal appellant did not allege that (1) his appeal was based on a jurisdictional defect, (2) the substance of the appeal was raised by written motion ruled on before trial or (3) the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3).[1] On November 12, 2002, appellant filed an Amended Notice of Appeal alleging that the trial court gave permission for the appeal.

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Courts will address the question of jurisdiction *sua sponte;* for, unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, the Rules provide procedures which must be followed in order to invoke jurisdiction over a particular appeal. See White v. State, 61 S.W.3d 424, 427-28 (Tex.Crim.App. 2001). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist, and the appeal will be dismissed for lack of jurisdiction. See id. at 428, 429.

Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See id. at 428. To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor

---

[1]A rule of appellate procedure will be referred to as "TRAP_" hereafter.

2

and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3); White, 61 S.W.3d at 428. Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. Id. TRAP 25.2(d) does not permit an appellate court to grant a motion to amend the notice of appeal if the amendment sought to be made to the notice of appeal is a jurisdictional amendment. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000). That is, if the original notice of appeal fails to invoke jurisdiction of the appellate court, an out-of-time amendment cannot serve to invoke jurisdiction. Id. Once jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain jurisdiction. Id. at 413; see TRAP 2.

Appellant's original Notice of Appeal did not contain one of the three allegations necessary to invoke our appellate jurisdiction over an appeal from his conviction. See TRAP 25.2(b)(3); White, 61 S.W.3d at 428. Accordingly, our jurisdiction was not invoked by the original Notice. The out-of-time amended Notice is ineffective to invoke our jurisdiction. See Riewe, 13 S.W.3d at 413-14.

We dismiss the appeal for want of jurisdiction.


Phil Johnson

3

Justice

Do not publish.